EVAN R. CHESLER (*pro hac vice* to be filed)
PETER T. BARBUR (*pro hac vice* to be filed)
ELIZABETH L. GRAYER (*pro hac vice* to be filed)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: 212.474.1000
Facsimile: 212.474.3700

WILLIAM S. BOGGS (Bar No. 053013)
BRIAN A. FOSTER (Bar No. 110413)
TIMOTHY S. BLACKFORD (Bar No. 190900)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: 619.699.2700
Facsimile: 619.699.2701

Attorneys for Defendant
QUALCOMM INCORPORATED

08 APR 30 AM 11:20

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERDAD VALIKHANI, an individual, on behalf of himself, the general public and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation, and DOES 1-100,<br><br>Defendants. | CASE NO.<br><br>**QUALCOMM INCORPORATED'S NOTICE OF RELATED CASE** |

Defendant Qualcomm Incorporated ("Qualcomm") respectfully submits this notice of related case pursuant to Civil Local Rule 40.1(e). The Court should be apprised that this case may be related to the following: Meyer v. Qualcomm Inc., No. 08cv0655 (S.D. Cal.) ("655"), filed April 10, 2008; and Broadcom Corp. v. Qualcomm Inc., No. 05cv3350 (D.N.J.) ("3350"), filed on July 1, 2005.

Under Local Rule 40.1(f), "[a]n action or proceeding is related to another action or proceeding where both of them: (1) Involve some of the same parties and are based on the same

-1-

or similar claims, or (2) Involve the same property, transaction, or event, or (3) Involve substantially the same facts and the same questions of law." Both the 655 and 3350 cases are related under any of these standards.[1]

The 655 case is—like this one—an antitrust case against Qualcomm brought as a class action. Indeed, the instant case is virtually identical to the 655 case, except for Plaintiff Valikhani's failure to plead any federal cause of action. Both allege claims under California's antitrust statute—the Cartwright Act—as well as the same state law claims under California's Unfair Competition Law. Both cases are putative consumer class actions with two proposed classes (a Device Class and a Service Class), which are defined the same way in both cases. Furthermore, almost all of the allegations in Plaintiff Valikhani's Complaint are copied literally word-for-word from the 655 complaint. (Compare Compl. ¶¶ 3-6, 10, 16-70, 72-86, 90, 92, 94-115 with 655 Compl. ¶¶ 3-6, 9, 14-68, 70-84, 88, 90, 92-103, 125-34 (attached hereto as Exhibit A).) This factual and legal similarity satisfies the test for relatedness under Local Rule 40.1(f).

The 3350 case is also an antitrust case against Qualcomm in which the plaintiff asserts claims under the Sherman Act along with the same state law claims under California's Unfair Competition Law. Again, the plaintiffs in 3350 and the instant case assert the same theory of liability—namely, that Qualcomm was able to charge supracompetitive royalties for wireless technology by deceiving a private standards-determining organization ("SDO") known as "ETSI" into choosing to incorporate Qualcomm's patented technology within a third-generation cellular standard called "UMTS." See Broadcom Corp. v. Qualcomm Inc., 501 F.3d 297 (3d Cir. 2007). This factual and legal similarity satisfies the test for relatedness under Local Rule 40.1(f).

Because of the substantial overlap between the instant case and the 655 and 3350 cases, there are significant efficiencies to be gained in deeming the cases "related." Both the 655 case and the present case are at the same stage of proceedings and discovery, which will be identical for the two cases, has not yet begun. The 3350 case is actively engaged in fact discovery—eighty

---

[1] Indeed, for this reason among others, Qualcomm intends to file a motion on May 1 to transfer the 655 case to the District of New Jersey pursuant to 28 U.S.C. § 1404(b).

depositions are currently planned, and the trial is tentatively scheduled for June 2009. These potential efficiencies weigh substantially in favor of deeming the two cases related.

Dated: April 30, 2008

DLA PIPER US LLP

By _____
WILLIAM S. BOGGS
BRIAN A. FOSTER
TIMOTHY S. BLACKFORD

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Peter T. Barbur
Elizabeth L. Grayer

Attorneys for Defendant
QUALCOMM INCORPORATED