1  EVAN R. CHESLER (*pro hac vice* to be filed)
   PETER T. BARBUR (*pro hac vice* to be filed)
2  ELIZABETH L. GRAYER (*pro hac vice* to be filed)
   CRAVATH, SWAINE & MOORE LLP
3  825 Eighth Avenue
   New York, NY 10019
4  Telephone: 212.474.1000
   Facsimile: 212.474.3700
5
   WILLIAM S. BOGGS (Bar No. 053013)
6  BRIAN A. FOSTER (Bar No. 110413)
   TIMOTHY S. BLACKFORD (Bar No. 190900)
7  DLA PIPER US LLP
   401 B Street, Suite 1700
8  San Diego, CA 92101-4297
   Telephone: 619.699.2700
9  Facsimile: 619.699.2701

10 Attorneys for Defendant
   QUALCOMM INCORPORATED
11

12              UNITED STATES DISTRICT COURT

13              SOUTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| MERDAD VALIKHANI, an individual, on behalf of himself, the general public and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INCORPORATED, a Delaware corporation, and DOES 1-100,<br><br>Defendants. | CASE NO. 08 cv 0786 WQH (JMA)<br><br>**QUALCOMM INCORPORATED'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO TRANSFER**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Date:   June 2, 2008<br>Time:   11:00 a.m.<br>Judge:  Hon. William Q. Hayes |

DLA PIPER US LLP
SAN DIEGO

SD\1817453.1
1-6

08 CV 0786 WQH (JMA)

**TABLE OF CONTENTS**

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PROCEDURAL BACKGROUND | 2 |
| III. | ARGUMENT | 4 |
| | A. Legal Standards | 4 |
| | B. Transferring this Action Would Serve the Interests of Justice | 6 |
| | C. Transfer Is Proper Under All Other Relevant Factors | 7 |
| IV. | CONCLUSION | 8 |

DLA PIPER US LLP
SAN DIEGO

-i-

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Alexander v. Franklin Res., Inc.*,
   No. 06-CV-7121, 2007 WL 518859 (N.D. Cal. Feb. 14, 2007) .................. 5, 6, 7

*Bomanite Corp. v. Newlook Int'l, Inc.*,
   No. 07-CV-1640, 2008 WL 1767037 (E.D. Cal. Apr. 16, 2008) .................. 6

*Broadcom Corp. v. Qualcomm Inc.*,
   501 F.3d 297 (3d Cir. 2007) .................. 4

*Broadcom Corp. v. Qualcomm Inc.*,
   No. 05-CV-3350 (D.N.J.) .................. 1

*Continental Grain Co. v. Barge F.B.L.-585* .................. 5
   364 U.S. 19 (196)

*CoxCom, Inc. v. Hybrid Patents Inc.*,
   No. 06-CV-7918, 2007 WL 2500982 (N.D. Cal. Aug. 30, 2007) .................. 8

*Cuco v. United States*,
   No. 05-CV-5347, 2007 WL 2904193 (D.N.J. Oct. 2, 2007) .................. 5

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) .................. 5

*London and Hull Maritime Ins. Co. v. Eagle Pac. Ins. Co.*,
   No. 96-CV-1512, 1996 WL 479013 (N.D. Cal. Aug. 14, 1996.) .................. 5

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) .................. 7

*Meyer v. Qualcomm, Inc.*,
   No. 08-CV-655 (S.D. Cal. Apr. 10, 2008) .................. 1

*Pac. Coast Fed'n v. Gutierrez*,
   No. 05-CV-3232, 2006 WL 194507 (N.D. Cal. Jan. 24, 2006) .................. 5

*Panavision Int'l L.P. v. Toeppen*,
   141 F.3d 1316 (9th Cir. 1998) .................. 7

*Papaleo v. Cingular Wireless Corp.*,
   No. 07-C 2007, WL 1238713 (N.D. Cal. Apr. 26, 2007) .................. 8

*Wiley v. Trendwest Resorts, Inc.*,
   No. 04-CV-4321, 2005 WL 1910934 (N.D. Cal. Aug. 10, 2005) .................. 6

## TABLE OF AUTHORITIES
(continued)

Page

### STATUTES

28 U.S.C. §§ 1332(d)(2) .......................................................................................... 2, 5

28 U.S.C. § 1391(c) ...................................................................................................... 5

28 U.S.C. § 1404(a) ...................................................................................... 1, 4, 5, 7, 8

28 U.S.C. § 1441(a) ...................................................................................................... 2

Fed R. Civ. P. 26 ...................................................................................................... 4, 8

Fed. R. Civ. P. 45 ......................................................................................................... 4

### MISCELLANEOUS

Cal. Bus. Prof. Code §§ 16720, 16726 ....................................................................... 2

Cal. Bus. & Prof. Code § 17200 *et seq* .................................................................. 2, 3

Qualcomm Incorporated ("Qualcomm") respectfully submits this memorandum of points and authorities in support of its motion, pursuant to 28 U.S.C. § 1404(a), for an order transferring this action to the United States District Court for the District of New Jersey, in which an earlier-filed, related action is currently pending.

## I. INTRODUCTION

Transfer of this action is proper under 28 U.S.C. § 1404(a) to prevent the needless duplication of time, cost and judicial resources associated with maintaining the present action alongside a largely identical action currently pending in the District of New Jersey. Plaintiff has brought this action on the basis of allegations against Qualcomm that apparently have been lifted wholesale from a complaint filed by Broadcom Corporation, a Qualcomm competitor, in the action captioned *Broadcom Corp. v. Qualcomm Inc.*, No. 05-CV-3350 (D.N.J.) (hereinafter the "NJ Action"). Like the present action, the NJ Action is an antitrust suit accusing Qualcomm of alleged anticompetitive conduct in the markets for so-called "third generation" or "3G" cellular technology, including allegedly "unfair" and "discriminatory" licensing practices.[1]

Under these circumstances, transfer in favor of the earlier-filed, related case is appropriate for at least three reasons. *First*, it would make no sense for this Court to duplicate the substantial judicial effort that already has been expended in New Jersey to clarify the relevant legal issues, define the scope of discovery and move the NJ Action towards trial. *Second*, given the extensive overlap between the two complaints, transferring this action to the District of New Jersey would help avoid duplicative discovery, inconsistent deadlines and conflicting rulings on identical issues. *Third*, transfer would be convenient for the parties, in particular for Qualcomm, which otherwise would have to litigate parallel actions simultaneously on two sides of the country, and for the witnesses, who otherwise might be forced to appear for multiple depositions and attend

---

[1] Plaintiff's action also is a virtual carbon copy of another putative class action filed in this Court on April 10, 2008 under the caption *Meyer v. Qualcomm, Inc.*, No. 08-CV-655 (S.D. Cal., Apr. 10, 2008) (hereinafter the "Meyer Action"). For the same reasons as it is filing the present motion, Qualcomm has filed a motion to transfer the Meyer Action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a). Qualcomm respectfully requests that the Court consider the present motion together with its motion directed at the Meyer Action.

two different forums for court proceedings. These factors outweigh Plaintiff's choice of forum, which in any event is entitled to little weight where, as here, Plaintiff purports to represent a nationwide class of consumers.

## II. PROCEDURAL BACKGROUND

On April 18, 2008, Plaintiff filed a complaint in San Diego, California Superior Court on behalf of a putative class consisting of all persons who (1) purchased cellular devices containing "the Wide Band Code Division Multiple Access ('WCDMA') technology or that are compatible with the Universal Mobile Telecommunications System ('UMTS') standard"; or (2) "purchased cellular service from any carrier in the United States which bundles its cellular service with subsidized UMTS-compliant devices". (Plaintiff's Complaint (hereinafter "Valikhani Compl.") ¶ 1 at Blackford Decl., Ex. 7.) Plaintiff's complaint asserts claims for violation of California's Cartwright Act, Cal. Bus. Prof. Code §§ 16720, 16726, and California's Unfair Competition Law, Cal. Bus. Prof. Code § 17200. (Valikhani Compl. ¶¶ 106-115.) On April 30, 2008, Qualcomm filed a notice of removal (Dkt. 1), removing Plaintiff's state court action to this Court on the basis of 28 U.S.C. §§ 1332(d)(2) and 1441(a).

The allegations in Plaintiff's complaint appear to have been taken almost word-for-word from Broadcom's Second Amended Complaint in the NJ Action filed in November 2007. As Plaintiff here alleges, his complaint purportedly "arises from [Qualcomm's] illegal and anticompetitive conduct in the markets for the technology and chipsets that operate cell phones employing WCDMA, a third generation ('3G') technology that is implemented through the UMTS standard". (Valikhani Compl. ¶ 2.) Similarly, in the NJ Action, Broadcom's theory of the case is that "Qualcomm has systematically undermined competition in markets for technology and integrated circuit chips used in mobile wireless devices". (Blackford Decl., Ex. 1 (hereinafter "NJ Second Am. Compl.") ¶ 4.) As in the NJ action, Plaintiff here alleges that Qualcomm deceived a private standards-development organization ("SDO") known as "ETSI" (the European Telecommunications Standards Institute) into choosing to incorporate Qualcomm's proprietary technology within the UMTS standard. (Valikhani Compl. ¶¶ 3, 44; NJ Second Am. Compl. ¶¶ 7, 96.) Both complaints allege that Qualcomm originally had represented to ETSI that it would

license its proprietary technology on fair, reasonable and non-discriminatory terms (so-called "FRAND terms"), but that, after adoption of the UMTS standard by industry participants, Qualcomm then allegedly disregarded those FRAND commitments and offered customers licenses on allegedly non-FRAND terms. (Valikhani Compl. ¶¶ 3, 42, 45; NJ Second Am. Compl. ¶¶ 6-7.)

Specifically, both complaints accuse Qualcomm of exactly the same allegedly non-FRAND licensing practices, including:

- Allegedly discriminating among licensees of the essential WCDMA technology by charging more and higher fees to those who do not use Qualcomm's UMTS chipsets (Valikhani Compl. ¶¶ 52-56; NJ Second Am. Compl. ¶¶ 125-32);

- Allegedly demanding royalties on parts of UMTS chipsets for which it did not own patents (Valikhani Compl. ¶ 60; NJ Second Am. Compl. ¶ 110);

- Allegedly demanding that UMTS licensees grant back to Qualcomm licenses for their own proprietary technologies on terms much more favorable to Qualcomm (Valikhani Compl. ¶ 65; NJ Second Am. Compl. ¶ 112);

- Allegedly charging double royalties to UMTS cell phone manufacturers who use non-Qualcomm UMTS chipsets (Valikhani Compl. ¶¶ 57-59; NJ Second Am. Compl. ¶¶ 113-20);

- Allegedly discouraging price competition by demanding sensitive sales and pricing information from its UMTS chipset licensees (Valikhani Compl. ¶ 66; NJ Second Am. Compl. ¶ 123); and

- Allegedly providing discounts, incentives, and payments to cell phone manufacturers who use only Qualcomm UMTS chipsets (Valikhani Compl. ¶ 67; NJ Second Am. Compl. ¶¶ 69-125).

On the basis of these and other allegations, the complaints in both actions assert causes of action under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (Valikhani Compl. ¶¶ 106-115; NJ Second Am. Compl. ¶¶ 318-29.)

/////

1    In September 2007, the United States Court of Appeals for the Third Circuit partially reversed an order dismissing Broadcom's First Amended Complaint in the NJ Action, reinstating two of Broadcom's claims under Section 2 of the Sherman Act and additionally allowing Broadcom the opportunity to re-file its state law claims. *See Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297 (3d Cir. 2007). Prior to the dismissal in August 2006, the parties had exchanged various discovery requests and had begun rolling productions of documents, one witness had been deposed and various third parties were served with subpoenas pursuant to Federal Rule of Civil Procedure 45. (Blackford Decl. ¶¶ 7, 13-14.) While Broadcom's appeal was pending in the Third Circuit, however, no discovery took place.

Subsequent to the Third Circuit's remand, Broadcom filed its Second Amended Complaint in November 2007, adding new state law causes of action and new theories of liability. (Blackford. Decl. ¶ 6; *id.*, Ex. 1.) Discovery has since recommenced in the NJ Action. The parties have served new document requests and recently have received guidance from the Court concerning the scope of this "second wave" discovery. (*Id.* ¶ 9.) Documents to be produced in this "second wave", however, have not yet been collected or produced. (*Id.* ¶ 8.) Since the filing of Broadcom's Second Amended Complaint, the parties also have exchanged amended disclosures pursuant to Federal Rule of Procedure 26, listing employees and third parties with potentially discoverable information. (*Id.* ¶¶ 10-11.) Certain third parties to the action have been served with discovery subpoenas pursuant to Rule 45. (*Id.* ¶ 14.) No additional depositions have taken place or been scheduled, and the Court has allotted 40 depositions to each side. (*Id.* ¶ 13; *id.*, Ex. 6.)

## III. ARGUMENT

### A. Legal Standards

Under 28 U.S.C. § 1404(a), a case may be transferred "[f]or the convenience of the parties and witnesses, in the interest of justice", to "any other district or division where the action might

/////
/////
/////

-4-

have been brought".[2] In *Continental Grain Co. v. Barge F.B.L.-585*, the Supreme Court held that "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent". 364 U.S. 19, 26 (1960). In reliance on *Continental Grain*, courts within the Ninth Circuit have held consistently that "the pendency of a similar action in the transferee court is a universally recognized reason for granting a change of venue". *Pac. Coast Fed'n v. Gutierrez*, No. 05-CV-3232, 2006 WL 194507, at *2 (N.D. Cal. Jan. 24, 2006); *see also, e.g., Cuco v. United States*, No. 05-CV-5347, 2007 WL 2904193, at *4 (D.N.J. Oct. 2, 2007) ("The presence of a related case in the transferee forum is a powerful reason to grant a change of venue." (internal quotation marks omitted)). Further, this "'interests of justice' consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way". *London and Hull Maritime Ins. Co. v. Eagle Pac. Ins. Co.*, No. 96-CV-1512, 1996 WL 479013, at *3 (N.D. Cal. Aug. 14, 1996). Other factors considered by courts in determining whether a case should be transferred under § 1404(a) include: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Alexander v. Franklin Res., Inc.*, No. 06-CV-7121, 2007 WL 518859, at *2 (N.D. Cal. Feb. 14, 2007); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (same).

---

[2] This action could have been brought initially in the District of New Jersey. As Qualcomm's remand notice makes clear (Dkt. 1), subject-matter jurisdiction would have existed under 28 U.S.C. § 1332(d)(2) because the matter in controversy is a putative class action on behalf of a nationwide class of consumers, one of whom must be a citizen of a state different from defendant and the amount in controversy certainly exceeds $5 million. Qualcomm transacts and is registered to do business in, receives process in, and is found within the District of New Jersey, and is therefore subject to personal jurisdiction there to the same extent as it is subject to personal jurisdiction in this district. Finally, venue would have been proper in the District of New Jersey under the federal venue statute, 28 U.S.C. § 1391(c), pursuant to which "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction".

### B. Transferring this Action Would Serve the Interests of Justice.

Plaintiff's action overlaps substantially, if not completely, with the NJ Action. The similarity is borne out by a simple comparison of the complaints, both of which, as discussed above, allege the same theory of anticompetitive conduct, accuse Qualcomm of the same allegedly non-FRAND licensing practices and assert similar causes of action under California's Unfair Competition Law. (*See supra* 2-3.)

In cases with this much factual and legal similarity, courts routinely transfer the later-filed action to the district in which the earlier case is pending. *See Alexander*, 2007 WL 518859, at *3 (transferring in favor of an earlier-filed action "because it [was] apparent that regardless of the true nature of plaintiff's claims, the instant claims and the New Jersey claims ar[o]se out of the same factual predicate"); *Wiley v. Trendwest Resorts, Inc.*, No. 04-CV-4321, 2005 WL 1910934, at *4 (N.D. Cal. Aug. 10, 2005) ("[T]he allegations supporting the California Complaint's § 17200 claim have been reproduced verbatim in the Nevada Complaint . . . ."). Transfer, in these situations, is necessary to serve the interests of "judicial economy", because it allows parties to resolve all differences in a single forum, avoids conflicting decisions by different courts and saves substantial judicial resources. *Bomanite Corp. v. Newlook Int'l, Inc.*, No. 07-CV-1640, 2008 WL 1767037, at *11 (E.D. Cal. Apr. 16, 2008).

Given the substantial overlap between the present action and the earlier-filed NJ Action, it would be an unnecessary waste of time, money and judicial resources to maintain these two actions in different forums simultaneously. Because the claims and allegations are essentially the same, both suits would require much of the same motion practice, document discovery and deposition and in-court testimony. Indeed, substantial resources are currently being expended toward these ends in the NJ Action, including the production of millions of pages of documents and rulings on numerous discovery issues. This Court would needlessly duplicate these efforts—at great time and expense—if it separately maintains this action in the Southern District of California.

/////

/////

-6-

### C. Transfer Is Proper Under All Other Relevant Factors.

The remaining § 1404(a) factors are neutral or favor transfer to the District of New Jersey. These other considerations include (1) plaintiff's choice of forum, (2) convenience of the parties, and (3) convenience of the witnesses.

*First*, Plaintiff's choice of forum carries far less weight than it ordinarily would because he seeks to proceed on behalf of a nationwide class of consumers. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."). Plaintiff's chosen venue therefore deserves no more deference than the home venues of any other potential class members, some of whom presumably reside in the District of New Jersey. *Alexander*, 2007 WL 518859, at *3 ("[P]laintiffs' choice of forum is less significant where the plaintiff purports to represent a nationwide class.").

*Second*, with respect to the convenience of the parties, it certainly would be more convenient for Qualcomm to litigate in a single district, rather than simultaneously in two different districts on two sides of the country. *See id.* ("[A]ppearing in a single district is more convenient than appearing in two different districts on opposite coasts of the country."). To be sure, San Diego, California—Qualcomm's principal place of business—ordinarily would be a convenient venue for Qualcomm, and there is little doubt that relevant evidence and witnesses are located in this District. Plaintiff's allegations, however, range far more broadly than Qualcomm's actions within the Southern District of California, in particular those allegations concerning "global" wireless markets, Qualcomm's conduct before the ETSI, a European SDO, and Qualcomm's licensing of counterparties all over the world. (*See* Valikhani Compl. ¶¶ 21-22, 70.) As the Ninth Circuit has held, "the location of the evidence . . . is no longer weighed heavily given the modern advances in communication and transportation". *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998). Indeed, the principal "convenience" consideration here is having related cases litigated in one forum rather than two, and this factor far outweighs any convenience associated with litigating in the Southern District of California.

/////

*Third*, transfer would also be more convenient because a single court would be empowered to help prevent witnesses from having to submit to two different depositions and from having to travel to two different forums to attend court proceedings. *CoxCom, Inc. v. Hybrid Patents Inc.*, No. 06-CV-7918, 2007 WL 2500982, at *2 (N.D. Cal. Aug. 30, 2007) ("[T]he Court finds transfer would be substantially more convenient for each such witness, even those who reside in California, because such witnesses would not be required to engage in duplicative litigation or travel to two different forums to attend court proceedings."). This consideration is especially significant for the potentially large number of third-party witnesses likely to testify in these actions (*see* Blackford Decl., Exs. 3-5 (disclosing third parties pursuant to Federal Rule of Civil Procedure 26)). *Papaleo v. Cingular Wireless Corp.*, No. 07-CV-1234, 2007 WL 1238713, at *2 (N.D. Cal. Apr. 26, 2007) ("[W]ith respect to the convenience of third-party witnesses, which often is the most significant factor, the Court finds transfer would be substantially more convenient for each such witness, because such witnesses would not be required to engage in duplicative litigation or travel to two different forums to attend court proceedings.").

On balance, the relevant § 1404(a) considerations weigh decisively in favor of transferring this action to the District of New Jersey.

## IV.  CONCLUSION

For the foregoing reasons, Qualcomm respectfully asks this Court to grant Qualcomm's motion to transfer pursuant to 28 U.S.C. § 1404(a).

Dated: May 2, 2008

DLA PIPER US LLP

By /s/ William S. Boggs
    william.boggs@dlapiper.com

CRAVATH, SWAINE & MOORE LLP
Evan R. Chesler
Peter T. Barbur
Elizabeth L. Grayer

Attorneys for Defendant
QUALCOMM INCORPORATED