# EXHIBIT 2

# BOIES, SCHILLER & FLEXNER LLP

150 JOHN F. KENNEDY PARKWAY • 4TH FLOOR • SHORT HILLS, NJ 07078 • PH. 973.218.1111 • FAX 973.218.1106

July 11, 2005



**VIA HAND DELIVERY**

Honorable John W. Bissell
Chief Judge
United States District Court
U.S. Courthouse & P.O. Bldg.
Room 411
P.O. Box 999
Newark, NJ 07191-0999

Re: **Broadcom Corporation v. Qualcomm Incorporated**
    **Civ. Action No. 05-3350**

Dear Chief Judge Bissell:

We represent plaintiff Broadcom Corporation ("Broadcom") in the above-referenced action. For the reasons set forth below, Broadcom respectfully requests that, pursuant to Federal District Court Local Rule 40.1, Your Honor assign this case to the Newark Division, where the case was originally filed.

Procedural Background

Plaintiff Broadcom filed this action in the Newark Division on July 1, 2005. When we subsequently called the Clerk's Office in Newark to determine whether a Judge had been assigned to the case, the Clerk in Newark informed us that the action was going to be transferred to the Trenton Division, apparently based solely on the location of the defendant's agent for service of process. We promptly objected to the Clerk's Offices in both Newark and Trenton, but were advised that, pursuant to Local Rule 40.1, no action could be taken to address the transfer to Trenton until after the matter was docketed in Trenton and assigned to a Judge. On July 7, 2005, we received notice that the case had been assigned to United States District Judge Mary L. Cooper. Now that the case has been docketed and assigned, Broadcom respectfully requests that this matter be returned to Newark for the reasons set forth below. (A copy of the Summons and Complaint is attached to this letter for Your Honor's review).

BOIES, SCHILLER & FLEXNER LLP

Chief Justice John W. Bissell
July 11, 2005
Page 2

Discussion

Local Rule 40.1 provides in pertinent part:

> **(a) Allocation.** Each civil case shall be allocated by the Clerk of the Court to Camden, Newark or Trenton at the time it is commenced. The Clerk shall consider the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose. The division allocated shall be the location of trial and of all proceedings in the case, unless changed by order of the Court.
>
> * * * *
>
> **(d) Notice and Objection.** Promptly after allocation and assignment of a civil case, the Clerk shall notify both the parties or their counsel and the Judge of such allocation and assignment. Objections to either the allocation or the assignment of a civil case shall be made before the Chief Judge, on notice to opposing counsel and to the Judge to whom the case has been assigned.

The Clerk's decision to assign the case to Trenton apparently was premised upon a factor that cannot possibly govern the allocation of cases: the location of the defendant's registered agent for service of process. The Clerk apparently initially transferred this case from Newark to the Trenton Division because defendant Qualcomm, which is not resident in New Jersey, but conducts business in the State, has its registered agent for service of process, Corporation Service Co., in West Trenton, New Jersey. Evidently, the Clerk interpreted the location of the agent of service of process as the "residence of the defendant" for purposes of Rule 40.1. But virtually every New Jersey agent for service of process on out-of-state corporations is located in or near the state capital of Trenton, where the Secretary of State maintains offices for filing of corporate documents. This includes CT Corporation (which, according to its website, serves over 90% of the Fortune 1000 companies) and Corporation Service Co., defendant Qualcomm's agent for service. Transferring actions based on the location of the defendant's agent for service of process would mean that cases with out-of-state defendants would routinely be transferred to Trenton. This would skew a substantial portion of the District's caseload to Trenton in a manner that neither follows the text of Rule 40.1, nor advances the Rule's underlying policy of assigning cases where they arise and where they most conveniently may be litigated, and that would impose an overwhelming burden on the resources of the Trenton courthouse. Such an approach has no practical value, since after service has been made, the agent for process plays no further role in the litigation of an action. Situating the action where the defendant's service agent is located does not benefit either party or in any material way advance any of the convenience factors identified in Local Rule 40.1.

Broadcom respectfully submits that in this case, the other factors listed for consideration in Rule 40.1(a) strongly support venue in Newark. The causes of action at issue in this case

EXHIBIT 2   PAGE 65

BOIES, SCHILLER & FLEXNER LLP

Chief Justice John W. Bissell
July 11, 2005
Page 3

arose substantially in the Newark Division. The Complaint asserts federal antitrust claims (as well as New Jersey state law claims), including claims that defendant Qualcomm Incorporated ("Qualcomm") monopolized or attempted to monopolize several distinct markets for the semiconductor chipsets that provide key functionality for cell phones, as well as markets for the technology used to manufacture those chipsets. The chipsets are sold to cell phone manufacturers, who in turn incorporate them into cell phones for consumer use. Broadcom alleges that cell phone manufacturers operate under discriminatory and unreasonable licensing contracts required by Qualcomm, as well as the constant threat of retaliation by Qualcomm should the manufacturers purchase chipsets from one of Qualcomm's competitors. In short, Broadcom alleges that cell phone manufacturers – Broadcom's potential customers for the sale of chipsets – are both direct victims, and instruments, of Qualcomm's anticompetitive conduct.

At least three important cell phone manufacturers have headquarters or other important facilities in northern New Jersey within the Newark Division. Specifically, LG Electronics ("LGE") has its North American headquarters in Englewood Cliffs; Motorola Inc. ("Motorola") has major facilities in South Plainfield, Glen Rock, and Piscataway; and Panasonic Corporation of North America ("Panasonic") has its headquarters in Secaucus. LGE and Motorola are two of the three largest cell phone manufacturers relevant to this action, as the two companies are reported to have sold 35% of the world's Universal Mobile Telephone System ("UMTS") cell phones last year. (Broadcom alleges that Qualcomm's conduct is precluding Broadcom from competing in the sale of chipsets for UMTS phones). Panasonic is the principal American subsidiary of Matsushita Electric Industrial Co., Ltd., another leading manufacturer of UMTS cell phones.

Moreover, assignment of Broadcom's case to the Newark Division is also justified for "the convenience of litigants, counsel and witnesses" identified in Local Rule 40.1(a). With respect to the location of the litigants, Broadcom's New Jersey facility at 100 Matawan Road is 27 miles from the Newark Courthouse, but 40 miles from the Trenton Courthouse. Qualcomm's headquarters is located in San Diego, California, and travel to the Newark courthouse would be more convenient, both because of the Newark court's proximity to Newark Airport and because Newark offers far more flight options than does the Philadelphia airport south of Trenton. To the extent the Court considers the convenience of counsel, Broadcom's attorneys are located in Short Hills, New Jersey, Morristown, New Jersey, and New York City, all of which are more convenient to Newark than to Trenton.

Newark is also more convenient for witnesses. A number of key decision-making witnesses, and documents relating to the allegations in the Complaint, are located in close proximity to the Newark Courthouse, including witnesses and files of key third parties LGE, Motorola and Panasonic. Files at Broadcom's New Jersey facility are also closer to Newark than to Trenton. In addition, other key third-party cell phone manufacturers, such as Nokia and Ericsson, are located in Europe. The proximity of the Newark Courthouse to the Newark airport and other major airports makes that location more convenient for witnesses traveling from abroad, because of the large number of available international flights.

EXHIBIT __2__ PAGE __66__

BOIES, SCHILLER & FLEXNER LLP

Chief Justice John W. Bissell
July 11, 2005
Page 4

\* \* \*

For all of the foregoing reasons, Broadcom respectfully requests that the Court exercise its authority under Local Rule 40.1 to return this matter to Newark Federal District Court, where this matter was filed. For the Court's convenience, we have submitted a brief proposed form of Order.

Respectfully submitted,

David S. Stone

DSS:eb
Encl.

cc: Honorable Mary L. Cooper, United States District Judge
David Boies, Esq., Boies, Schiller & Flexner LLP,
   counsel for Plaintiff Broadcom Corporation
George S. Cary, Esq., Cleary Gottlieb Steen & Hamilton LLP
   counsel for Plaintiff Broadcom Corporation
Anne Patterson, Riker Danzig Scherer Hyland & Perretti LLP,
   counsel for Plaintiff Broadcom Corporation
Louis M. Lupin, Esq., General Counsel, Qualcomm Incorporated

EXHIBIT 2 PAGE 67