# EXHIBIT A

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROADCOM CORPORATION, : | CIVIL ACTION NO. 05-3350 (MLC) |
| Plaintiff, : | **MEMORANDUM OPINION** |
| v. : | |
| QUALCOMM INCORPORATED, : | |
| Defendant. : | |

**COOPER, District Judge**

Plaintiff, Broadcom Corporation ("Broadcom"), having brought this action against Defendant, Qualcomm Incorporated ("Qualcomm"), now alleges, <u>inter alia</u>, (1) violations of the Sherman Act, 15 U.S.C. § 2, and Section 17200 of the California Business and Professions Code ("California Code"), (2) breach of contract, (3) tortious interference with prospective economic advantage, (4) promissory estoppel, and (5) fraud. (Dkt. entry no. 106, 2d Amend. Compl.) Broadcom moves to transfer this action to the United States District Court for the Southern District of California under 28 U.S.C. § ("Section") 1404(a). (Dkt. entry no. 175.) The Court will grant the motion.

### BACKGROUND

Broadcom, a California corporation with its principal place of business in Irvine, California, supplies semiconductors for broadband communications. (2d Amend. Compl., at ¶¶ 1-2.) Qualcomm, a Delaware corporation with its principal place of business in San Diego, California, operates segments to license

technological-intellectual-property rights and sell chipsets. (2d Amend. Compl., at ¶¶ 1-3; dkt. entry no. 175, Pl. Br., at 2.)

Broadcom brought this action on July 1, 2005 (dkt. entry no. 1), but amended the complaint on September 19, 2005, to allege (1) violations of (a) the Sherman Act, 15 U.S.C. §§ 1, 2, (b) the Clayton Act, 15 U.S.C. §§ 14, 18, and (c) the New Jersey Antitrust Act and other state antitrust, unfair competition, and unfair trade practices laws, (2) tortious interference with prospective economic advantage, (3) breach of contract, (4) promissory estoppel, and (5) fraud. (Dkt. entry no. 14, 1st Amend. Compl., at ¶¶ 139-200.) Broadcom alleged that Qualcomm (1) "engaged in a variety of anticompetitive practices in order to obtain and maintain its monopoly" in the technology and chipset markets, (2) breached "its obligation to license its technology on fair, reasonable, and non-discriminatory ('FRAND') terms", and (3) violated the Clayton Act by acquiring Flarion Technologies ("Flarion"), a company based in Bedminster, New Jersey. (Pl. Br., at 2.)

This Court, on October 6, 2005, ordered the parties to show cause why the action should not be transferred to the Southern District of California, where Qualcomm has its principal place of business, or the Central District of California, where Broadcom has its principal place of business. (Dkt. entry no. 21, 10-6-05 Order To Show Cause.) As neither party objected to venue in New

Jersey, the Court vacated the order to show cause. (Dkt. entry no. 44, 2-3-06 Order.)

Qualcomm moved to dismiss the amended complaint on December 12, 2005, under Federal Rules of Civil Procedure ("Rules") 9(b) and 12(b)(6). (Dkt. entry no. 31.) By an order and judgment dated August 30, 2006 ("2006 Judgment"), the Court granted the motion and dismissed Broadcom's federal claims, including those on the Flarion acquisition. (Dkt. entry no. 87.) On an appeal brought by Broadcom, the Third Circuit Court of Appeals in September 2007 reversed the 2006 Judgment in part and remanded the action for further proceedings, but affirmed so much of the 2006 Judgment addressing the Flarion acquisition. (Dkt. entry no. 95.)

Broadcom filed a second amended complaint on November 2, 2007, which — in contrast to the amended complaint — contains no allegations on violations of New Jersey law. But Broadcom added a claim asserting that Qualcomm violated California Code Section 17200.[1]

Two class actions were then brought against Qualcomm in the Southern District of California in April 2008: (1) <u>Meyer v. Qualcomm</u>, S.D. Cal. No. 08-655, and (2) <u>Valikhani v. Qualcomm</u>,

---

[1] Broadcom asserted this claim in an action brought in California state court. (<u>See</u> dkt. entry no. 183, Pl. Reply Br., Ex. 1, 8-12-07 Compl., <u>Broadcom Corp. v. Qualcomm, Inc.</u>, Cal. Super. Ct. No. 07CC01249, at 31-33.) Broadcom added this claim here after the California court granted Qualcomm's motion to stay the California action. (<u>Id.</u> at 1-5, & Ex. 2, 10-05-07 Order.)

3

S.D. Cal. No. 08-786. (Pl. Br., at 4.) Broadcom asserts that (1) the plaintiffs in both actions allege claims similar to those here, and (2) the "similarity is borne out by a simple comparison of the complaints, both of which . . . allege the same theory of anticompetitive conduct, accuse Qualcomm of the same allegedly non-FRAND licensing practices and assert similar causes of action under the same state and federal antitrust laws." (Pl. Br., at 4, & Ex. A, Qualcomm Mot. to Trf. in Meyer v. Qualcomm, S.D. Cal. No. 08-655, at 6.)

Broadcom filed the motion to transfer venue to the Southern District of California on May 16, 2008. (Dkt. entry no. 175.) Qualcomm has yet to file an answer to any complaint herein.

### DISCUSSION

Broadcom argues that the Court should transfer this action because, inter alia, (1) this action's New Jersey link was severed when the claim based on the Flarion acquisition was dismissed, (2) there are two similar federal cases pending in California, (3) it now asserts a claim under the California Code, and no claims under New Jersey law, (4) it has now discovered that "much of Qualcomm's deceptive behavior that gives rise to this suit occurred in or was directed from California," and (5) judicial efficiency would be promoted, as the parties maintain their principal places of business in California. (Pl. Br., at 1-2.)

Qualcomm opposes, arguing that (1) Broadcom has not shown "changed circumstances" occurring since the action was commenced,

(2) Broadcom cannot rely on the dismissal of the Flarion-acquisition claim because Broadcom did not rely on the Flarion acquisition to originally bring this action in New Jersey, (3) there are no allegations in the second amended complaint that make California more of the focal point, (4) the "first filed rule" – stating an earlier action has priority in venue and is deemed to be in the appropriate forum for resolving related disputes – applies, and (5) transfer will delay resolution of this action because significant activity has occurred in this Court. (Dkt. entry no. 181, Def. Br., at 1-5.)

I. **Transfer Standard**

For "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). An action might have been brought in a transferee court if (1) venue is proper therein, and (2) it can exercise jurisdiction over all the defendants. Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970). The party seeking transfer has the burden of showing that the alternative venue is not only adequate, but also more convenient than the current one. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995); Ricoh Co. v. Honeywell, Inc., 817 F.Supp. 473, 480 (D.N.J. 1993). "[T]he decision to transfer must incorporate all relevant factors to determine whether on balance the litigation would more

conveniently proceed and the interests of justice be better served by transfer to a different forum." Rappoport v. Spielberg, Inc., 16 F.Supp.2d 481, 498 (D.N.J. 1998) (cites and quotes omitted).

Courts balance private and public interests when deciding whether to transfer. Jumara, 55 F.3d at 879. The private interests may include a plaintiff's choice of forum, the ease of access to sources of proof, the availability of compulsory process over witnesses, the cost of attendance of willing witnesses, the location of records, and whether the claim arose elsewhere. Id. The public interests may include enforceability of a judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law. Id.

## II. Transfer Standard Applied Here

The Southern District of California is an appropriate venue. When — as here — there is jurisdiction under 28 U.S.C. § 1331, venue is proper in a judicial district, inter alia, where (1) any defendant resides, if all defendants reside in the same state, or (2) a substantial part of the events or omissions giving rise to the claim occurred or the property underlying the action is situated. 28 U.S.C. § 1391(b). A corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction when the action is commenced. 28 U.S.C. § 1391(c).

Qualcomm is subject to personal jurisdiction in the Southern District of California; its principal place of business is there. See <u>Mathews v. Rescuecom Corp.</u>, No. 05-4834, 2006 WL 414096, at *3 n.10 (D.N.J. Feb. 16, 2006) (stating defendant "resides in the Northern District of New York, pursuant to § 1391(c), as it is a corporation with its principal place of business in Syracuse, New York, and thus subject to personal jurisdiction in the Northern District of New York"); <u>Am. Senso Rx v. Banner Pharmcaps</u>, No. 06-1929, 2006 WL 2583450, at *3 (D.N.J. Sept. 6, 2006) (holding venue proper in Middle District of North Carolina, as defendant corporation had principal place of business there and thus subject to personal jurisdiction). Qualcomm also does not – and could not – dispute that it is subject to personal jurisdiction in the Southern District of California.

Although Broadcom brought the action in New Jersey, its initial choice of forum is entitled to less deference because (1) a substantial part of the alleged events in this action did not occur in New Jersey, (2) it is not a New Jersey citizen, (3) its choice of forum had little connection with the action's operative facts, and (4) based on new information obtained over the past year, it now believes the Southern District of California is a more appropriate forum. See <u>Sun Chem. Corp. v. Markem Corp.</u>, No. 05-2565, 2006 WL 288104, at *2 (D.N.J. Feb. 6, 2006) (stating plaintiff's choice of forum entitled to less deference because

substantial portion of operative facts and events did not occur in that forum); Agrotors, Inc. v. Bell Helicopter Textron, No. 03-4345, 2004 WL 438654, at *4 (E.D. Pa. Mar. 8, 2004) (noting plaintiff's choice of forum usually of "paramount importance", but is accorded less deference where no operative facts occurred in forum); LG Elecs. v. 1st Int'l Computer, 138 F.Supp.2d 574, 590 (D.N.J. 2001) ("When the central facts of the lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference"). Also, Broadcom's decision to seek to transfer the action undermines any weight given its initial choice of venue. See Rappoport, 16 F.Supp.2d at 500. Therefore, Broadcom's original choice of a New Jersey venue is no impediment to transferring this action.

Broadcom also now frames its claims to be based on alleged conduct that is likely to have occurred at Qualcomm's principal place of business in California. Indeed, Broadcom now asserts (1) Qualcomm planned campaigns "to intentionally manipulate and sabotage the standard setting process" at its headquarters, (2) California was the locale for Qualcomm licensing negotiations, and (3) California was the locale of internal Qualcomm discussions setting royalties in an "unreasonable, unfair, and discriminatory manner". (Pl. Br., at 12.)

Qualcomm attempts to connect this litigation to New Jersey by restating Broadcom's original arguments for a New Jersey

8

venue, i.e., (1) Qualcomm's conduct affected "a substantial volume of interstate and foreign commerce" in New Jersey, (2) Broadcom operates a facility in New Jersey that is an important part of Broadcom's chipset business, (3) New Jersey is the location of key players in the wireless industry, and (4) many others affected by this action are located in New Jersey. (Def. Br., at 9-10.) But these claims do not establish "New Jersey as the center of gravity for . . . [the] allegedly infringing activities," the corporate decision making, and do not favor keeping the action here. Ricoh, 817 F.Supp at 483 (holding sales activity in New Jersey does not establish New Jersey as center of gravity, when "central and essential activities relevant to this lawsuit — the design, research, development and marketing . . . occurred outside of New Jersey").

Further private considerations weigh in favor of a transfer. Most of the individuals with information either substantiating or refuting Broadcom's claims live in California. (Pl. Br., at 9 ("Virtually all party depositions will likely take place in California"); see id., Ex. C, Qualcomm Initial Disclosures (listing individuals with discoverable information); id., Ex. D, Broadcom Amend. Initial Disclosures (same).) Also, transporting potential witnesses from California to New Jersey would incur significant costs and substantial inconvenience. Moreover, there are two similar federal cases, which would require depositions of

9

many of the same witnesses, pending in the Southern District of California. (Pl. Br., at 7-9.) "Where related lawsuits exist, it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before two tribunals." Liggett Group v. R.J. Reynolds Tobacco Co., 102 F.Supp.2d 518, 537 (D.N.J. 2000) (quotes and cites omitted).

Qualcomm argues that this case is in an "advanced stage" and "transfer will likely result in a delay in getting the case resolved." (Def. Br., at 20.) This action arguably has been pending for three years, but (1) the first amended complaint was not filed until September 2005, (2) there was no activity between the entry of the 2006 Judgment in August 2006 and the entry of the decision by the Court of Appeals in September 2007, (3) the second amended complaint was not filed until November 2007, and (4) the motion to transfer was filed in May 2008. Only 11 months elapsed between the filing of the first amended complaint and the entry of the 2006 Judgment, and only six months elapsed between the filing of the second amended complaint and the motion to transfer. Thus, in effect, this action has been active for only 17 months.

It also appears that both parties are still in the initial stages of discovery. As Broadcom notes, "[o]nly one deposition has occurred to date, and the parties have only recently re-

10

initiated discovery. Furthermore, Qualcomm has not yet even filed its Answer." (Pl. Reply Br., at 8.) It also appears that documents relevant to corporate decisions underlying this action will be found in California, as the parties have their principal places of business there. (See Pl. Br., Ex. C, Qualcomm Initial Disclosures; id., Ex. D, Broadcom Amend. Initial Disclosures.) Also, "[t]he document discovery that has been commenced has been electronic document production that is easily transferable to California." (Pl. Br., at 11.) Qualcomm has not asserted that any potentially relevant documents are located in New Jersey. Thus, ease of access to sources of proof, location of records, costs associated with witness attendance, and availability of compulsory process over witnesses all favor a transfer to the Southern District of California. See Jumara, 55 F.3d at 879.

California has an interest in adjudicating a dispute between California companies, particularly when most, if not all, relevant decisions occurred there. See Liggett, 102 F.Supp.2d at 536 (holding North Carolina had interest to adjudicate antitrust claim, as both parties had principal places of business and alleged conduct occurred there). Moreover, Broadcom alleges a violation of California law; the common-law and federal-antitrust claims do not weigh in favor of keeping this action. "[A]ll District Courts are presumed familiar with the applicable Federal antitrust laws" and common law claims. Id. at 537 (quotes and

11

cite omitted). Thus, the California federal court's familiarity with applicable state law weighs in favor of transferring this action to the Southern District of California. See Rappoport, 16 F.Supp.2d at 501 ("An important public interest factor is the desire to have the case tried before judges familiar with the applicable law"); Melone v. Boeing Co., No. 07-1192, 2008 WL 877974, at *4 (D.N.J. Mar. 28, 2008) ("[T]hat Washington law may govern some or all issues, whereas New Jersey law will likely govern none, supports transfer").

The Court will not address the issues of court congestion, judgment enforceability, or public policies of either venue, as the parties have not raised them. But jury considerations favor transfer, as jury duty should "not be imposed upon the people of a community which have no relation to the litigation." Liggett, 102 F.Supp.2d at 536 (citation omitted). Here, the decisions and conduct underlying Broadcom's claims occurred in California. See id. at 537 ("New Jersey jurors should not be burdened with adjudicating a matter concerning decisions or conduct which occurred predominantly outside the State of New Jersey") (quotes and cites omitted).

Broadcom has shown that the Southern District of California is a more convenient forum, and Qualcomm has not rebutted that showing. See Jumara, 55 F.3d at 879; Rappoport, 16 F.Supp.2d at 501; see also Liggett, 102 F.Supp.2d at 535 (holding nonmovant

12

must provide "sufficient opposition" to motion to transfer); Ricoh, 817 F.Supp. at 484-88 (noting that although movant has burden of persuasion, nonmovant must still show why current venue is more convenient). The Courts finds in its discretion that, upon balancing the various factors, the Southern District of California is more appropriate.

### III. Change in Circumstances

A change in circumstances can be a factor to consider when addressing a plaintiff's motion to transfer. See Rappoport, 16 F.Supp.2d at 501-02 (denying motion to transfer, in part, because plaintiff failed to show changed circumstance since action was initiated other than increased familiarity with applicable law). But "[t]he decision to transfer must incorporate all relevant factors to determine whether on balance the litigation [would] more conveniently proceed and the interests of justice be better served by transfer to a different forum." Liggett, 102 F.Supp.2d at 526 (quotes and cites omitted); see Palazzo v. Ciurlino, No. 05-5093, 2006 WL 2177542, at *1 (D.N.J. July 28, 2006) ("[A]s in any Section 1404 transfer motion, the Court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice. Where it is the plaintiff seeking to transfer the case, the 'paramount consideration' given to the plaintiff's original choice of venue, becomes a neutral factor.") (cites omitted).

13

Broadcom asserts that the recently filed California cases, which involve substantially the same claims against Qualcomm, constitute changed circumstances. (Pl. Reply Br., at 5-6.) See Weber v. Basic Comfort Inc., 155 F.Supp.2d 283, 286 (E.D. Pa. 2001) ("[T]he presence of related cases in the transferee forum is a reason to grant a transfer. This consideration is powerful enough to tilt the balance in favor of transferring even when the convenience of parties and witnesses would suggest the opposite.") (cites omitted). Qualcomm's argument in opposition -- that those cases cannot represent changed circumstance because this case was filed first (Def. Br., at 18-22) - is without merit. The "first filed" rule only applies when actions involving the same parties and issues are brought in separate federal courts, and are truly duplicative. Kedia v. Jamal, No. 06-6054, 2007 WL 1239202, at *2-*3 (D.N.J. Apr. 25, 2007); Devorris v. Cummings, Inc., No. 06-183, 2007 WL 1875816, at *6 (W.D. Pa. June 27, 2007). The "first filed" rule is not applicable here because this action is not duplicative and does not involve the same parties as the similar actions recently filed in California. See id. (holding "first filed" rule did not apply because all parties not the same). Furthermore, the Court has already balanced the interests pursuant to Jumara and found they favor transfer. See Ricoh, 817 F.Supp. at 487 (departing from "first filed" rule, as subsequent venue more convenient, and due to location of witnesses and

14

documents). Thus, Broadcom has shown that transfer of this action is warranted.

## CONCLUSION

The Court will grant Broadcom's motion and transfer this action to the United States District Court for the Southern District of California. The Court will issue an appropriate order and judgment.[2]

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: August 12, 2008

---

[2] Qualcomm's cross motion to dismiss certain claims and separate cross motion to seal certain materials, Broadcom's separate motion, inter alia, to dismiss a certain counterclaim, and the separate motion by non-party Texas Instruments Incorporated to quash a subpoena, will be denied without prejudice to move again before the transferee court. (See dkt. entry nos. 72, 83, 118 & 167.)