# Exhibit 2

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BROADCOM CORPORATION, | : | CIVIL ACTION NO. 05-3350 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| QUALCOMM INCORPORATED, | : |  |
| Defendant. | : |  |

**COOPER**, District Judge

Plaintiff, Broadcom Corporation ("Broadcom"), having brought
this action against Defendant, Qualcomm Incorporated ("Qualcomm"),
now alleges, <u>inter alia</u>, (1) violations of the Sherman Act, 15
U.S.C. § 2, and Section 17200 of the California Business and
Professions Code ("California Code"), (2) breach of contract, (3)
tortious interference with prospective economic advantage, (4)
promissory estoppel, and (5) fraud.  (Dkt. entry no. 106, 2d
Amend. Compl.)  Broadcom moves to transfer this action to the
United States District Court for the Southern District of
California under 28 U.S.C. § ("Section") 1404(a).  (Dkt. entry
no. 175.)  The Court will grant the motion.

BACKGROUND

Broadcom, a California corporation with its principal place
of business in Irvine, California, supplies semiconductors for
broadband communications.  (2d Amend. Compl., at ¶¶ 1-2.)
Qualcomm, a Delaware corporation with its principal place of
business in San Diego, California, operates segments to license

technological-intellectual-property rights and sell chipsets.  (2d
Amend. Compl., at ¶¶ 1-3; dkt. entry no. 175, Pl. Br., at 2.)

Broadcom brought this action on July 1, 2005 (dkt. entry no.
1), but amended the complaint on September 19, 2005, to allege
(1) violations of (a) the Sherman Act, 15 U.S.C. §§ 1, 2, (b) the
Clayton Act, 15 U.S.C. §§ 14, 18, and (c) the New Jersey
Antitrust Act and other state antitrust, unfair competition, and
unfair trade practices laws, (2) tortious interference with
prospective economic advantage, (3) breach of contract, (4)
promissory estoppel, and (5) fraud.  (Dkt. entry no. 14, 1st
Amend. Compl., at ¶¶ 139-200.)  Broadcom alleged that Qualcomm
(1) "engaged in a variety of anticompetitive practices in order
to obtain and maintain its monopoly" in the technology and
chipset markets, (2) breached "its obligation to license its
technology on fair, reasonable, and non-discriminatory ('FRAND')
terms", and (3) violated the Clayton Act by acquiring Flarion
Technologies ("Flarion"), a company based in Bedminster, New
Jersey.  (Pl. Br., at 2.)

This Court, on October 6, 2005, ordered the parties to show
cause why the action should not be transferred to the Southern
District of California, where Qualcomm has its principal place of
business, or the Central District of California, where Broadcom
has its principal place of business.  (Dkt. entry no. 21, 10-6-05
Order To Show Cause.)  As neither party objected to venue in New

Jersey, the Court vacated the order to show cause.  (Dkt. entry no. 44, 2-3-06 Order.)

Qualcomm moved to dismiss the amended complaint on December 12, 2005, under Federal Rules of Civil Procedure ("Rules") 9(b) and 12(b)(6).  (Dkt. entry no. 31.)  By an order and judgment dated August 30, 2006 ("2006 Judgment"), the Court granted the motion and dismissed Broadcom's federal claims, including those on the Flarion acquisition.  (Dkt. entry no. 87.)  On an appeal brought by Broadcom, the Third Circuit Court of Appeals in September 2007 reversed the 2006 Judgment in part and remanded the action for further proceedings, but affirmed so much of the 2006 Judgment addressing the Flarion acquisition.  (Dkt. entry no. 95.)

Broadcom filed a second amended complaint on November 2, 2007, which — in contrast to the amended complaint — contains no allegations on violations of New Jersey law.  But Broadcom added a claim asserting that Qualcomm violated California Code Section 17200.[1]

Two class actions were then brought against Qualcomm in the Southern District of California in April 2008: (1) Meyer v. Qualcomm, S.D. Cal. No. 08-655, and (2) Valikhani v. Qualcomm,

---

[1] Broadcom asserted this claim in an action brought in California state court.  (See dkt. entry no. 183, Pl. Reply Br., Ex. 1, 8-12-07 Compl., Broadcom Corp. v. Qualcomm, Inc., Cal. Super. Ct. No. 07CC01249, at 31-33.)  Broadcom added this claim here after the California court granted Qualcomm's motion to stay the California action.  (Id. at 1-5, & Ex. 2, 10-05-07 Order.)

S.D. Cal. No. 08-786.  (Pl. Br., at 4.)  Broadcom asserts that

(1) the plaintiffs in both actions allege claims similar to those

here, and (2) the "similarity is borne out by a simple comparison

of the complaints, both of which . . . allege the same theory of

anticompetitive conduct, accuse Qualcomm of the same allegedly

non-FRAND licensing practices and assert similar causes of action

under the same state and federal antitrust laws."  (Pl. Br., at

4, & Ex. A, Qualcomm Mot. to Trf. in <u>Meyer v. Qualcomm</u>, S.D. Cal.

No. 08-655, at 6.)

    Broadcom filed the motion to transfer venue to the Southern

District of California on May 16, 2008.  (Dkt. entry no. 175.)

Qualcomm has yet to file an answer to any complaint herein.

**DISCUSSION**

    Broadcom argues that the Court should transfer this action

because, <u>inter alia</u>, (1) this action's New Jersey link was severed

when the claim based on the Flarion acquisition was dismissed,

(2) there are two similar federal cases pending in California,

(3) it now asserts a claim under the California Code, and no

claims under New Jersey law, (4) it has now discovered that "much

of Qualcomm's deceptive behavior that gives rise to this suit

occurred in or was directed from California," and (5) judicial

efficiency would be promoted, as the parties maintain their

principal places of business in California.  (Pl. Br., at 1-2.)

    Qualcomm opposes, arguing that (1) Broadcom has not shown

"changed circumstances" occurring since the action was commenced,

(2) Broadcom cannot rely on the dismissal of the Flarion-
acquisition claim because Broadcom did not rely on the Flarion
acquisition to originally bring this action in New Jersey, (3)
there are no allegations in the second amended complaint that
make California more of the focal point, (4) the "first filed
rule" — stating an earlier action has priority in venue and is
deemed to be in the appropriate forum for resolving related
disputes — applies, and (5) transfer will delay resolution of
this action because significant activity has occurred in this
Court.  (Dkt. entry no. 181, Def. Br., at 1-5.)

## I.    Transfer Standard

For "the convenience of parties and witnesses, in the interest
of justice, a district court may transfer any civil action to any
other district . . . where it might have been brought."  28 U.S.C.
§ 1404(a).  An action might have been brought in a transferee
court if (1) venue is proper therein, and (2) it can exercise
jurisdiction over all the defendants.  Shutte v. Armco Steel
Corp., 431 F.2d 22, 24 (3d Cir. 1970).  The party seeking transfer
has the burden of showing that the alternative venue is not only
adequate, but also more convenient than the current one.  Jumara
v. State Farm Ins. Co., 55 F.3d 873, 879 (3d. Cir. 1995); Ricoh
Co. v. Honeywell, Inc., 817 F.Supp. 473, 480 (D.N.J. 1993).
"[T]he decision to transfer must incorporate all relevant factors
to determine whether on balance the litigation would more

conveniently proceed and the interests of justice be better served
by transfer to a different forum."  Rappoport v. Spielberg, Inc.,
16 F.Supp.2d 481, 498 (D.N.J. 1998) (cites and quotes omitted).

Courts balance private and public interests when deciding
whether to transfer.  Jumara, 55 F.3d at 879.  The private
interests may include a plaintiff's choice of forum, the ease of
access to sources of proof, the availability of compulsory process
over witnesses, the cost of attendance of willing witnesses, the
location of records, and whether the claim arose elsewhere.  Id.
The public interests may include enforceability of a judgment,
practical considerations that could make the trial easy,
expeditious or inexpensive, relative administrative difficulty in
the two fora resulting from court congestion, local interest in
deciding a local controversy, public policies of the fora, and
familiarity of the district court with applicable state law.  Id.

## II.  Transfer Standard Applied Here

The Southern District of California is an appropriate venue.
When — as here — there is jurisdiction under 28 U.S.C. § 1331,
venue is proper in a judicial district, inter alia, where (1) any
defendant resides, if all defendants reside in the same state, or
(2) a substantial part of the events or omissions giving rise to
the claim occurred or the property underlying the action is
situated.  28 U.S.C. § 1391(b).  A corporation is deemed to reside
in any judicial district in which it is subject to personal
jurisdiction when the action is commenced.  28 U.S.C. § 1391(c).

6

Qualcomm is subject to personal jurisdiction in the Southern
District of California; its principal place of business is there.
See Mathews v. Rescuecom Corp., No. 05-4834, 2006 WL 414096, at
*3 n.10 (D.N.J. Feb. 16, 2006) (stating defendant "resides in the
Northern District of New York, pursuant to § 1391(c), as it is a
corporation with its principal place of business in Syracuse, New
York, and thus subject to personal jurisdiction in the Northern
District of New York"); Am. Senso Rx v. Banner Pharmcaps, No. 06-
1929, 2006 WL 2583450, at *3 (D.N.J. Sept. 6, 2006) (holding
venue proper in Middle District of North Carolina, as defendant
corporation had principal place of business there and thus
subject to personal jurisdiction).  Qualcomm also does not — and
could not — dispute that it is subject to personal jurisdiction
in the Southern District of California.

Although Broadcom brought the action in New Jersey, its
initial choice of forum is entitled to less deference because (1)
a substantial part of the alleged events in this action did not
occur in New Jersey, (2) it is not a New Jersey citizen, (3) its
choice of forum had little connection with the action's operative
facts, and (4) based on new information obtained over the past
year, it now believes the Southern District of California is a
more appropriate forum.  See Sun Chem. Corp. v. Markem Corp., No.
05-2565, 2006 WL 288104, at *2 (D.N.J. Feb. 6, 2006) (stating
plaintiff's choice of forum entitled to less deference because

substantial portion of operative facts and events did not occur

in that forum); <u>Agrotors, Inc. v. Bell Helicopter Textron</u>, No.

03-4345, 2004 WL 438654, at *4 (E.D. Pa. Mar. 8, 2004) (noting

plaintiff's choice of forum usually of "paramount importance",

but is accorded less deference where no operative facts occurred

in forum); <u>LG Elecs. v. 1st Int'l Computer</u>, 138 F.Supp.2d 574,

590 (D.N.J. 2001) ("When the central facts of the lawsuit occur

outside the forum state, a plaintiff's selection of that forum is

entitled to less deference").  Also, Broadcom's decision to seek

to transfer the action undermines any weight given its initial

choice of venue.  <u>See</u> <u>Rappoport</u>, 16 F.Supp.2d at 500.  Therefore,

Broadcom's original choice of a New Jersey venue is no impediment

to transferring this action.

Broadcom also now frames its claims to be based on alleged

conduct that is likely to have occurred at Qualcomm's principal

place of business in California.  Indeed, Broadcom now asserts

(1) Qualcomm planned campaigns "to intentionally manipulate and

sabotage the standard setting process" at its headquarters, (2)

California was the locale for Qualcomm licensing negotiations,

and (3) California was the locale of internal Qualcomm

discussions setting royalties in an "unreasonable, unfair, and

discriminatory manner".  (Pl. Br., at 12.)

Qualcomm attempts to connect this litigation to New Jersey

by restating Broadcom's original arguments for a New Jersey

venue, i.e., (1) Qualcomm's conduct affected "a substantial

volume of interstate and foreign commerce" in New Jersey, (2)

Broadcom operates a facility in New Jersey that is an important

part of Broadcom's chipset business, (3) New Jersey is the

location of key players in the wireless industry, and (4) many

others affected by this action are located in New Jersey.  (Def.

Br., at 9-10.)  But these claims do not establish "New Jersey as

the center of gravity for . . . [the] allegedly infringing

activities," the corporate decision making, and do not favor

keeping the action here.  Ricoh, 817 F.Supp at 483 (holding sales

activity in New Jersey does not establish New Jersey as center of

gravity, when "central and essential activities relevant to this

lawsuit — the design, research, development and marketing . . .

occurred outside of New Jersey").

Further private considerations weigh in favor of a transfer.

Most of the individuals with information either substantiating or

refuting Broadcom's claims live in California.  (Pl. Br., at 9

("Virtually all party depositions will likely take place in

California"); see id., Ex. C, Qualcomm Initial Disclosures

(listing individuals with discoverable information); id., Ex. D,

Broadcom Amend. Initial Disclosures (same).)  Also, transporting

potential witnesses from California to New Jersey would incur

significant costs and substantial inconvenience.  Moreover, there

are two similar federal cases, which would require depositions of

9

many of the same witnesses, pending in the Southern District of
California.  (Pl. Br., at 7-9.)  "Where related lawsuits exist,
it is in the interests of justice to permit suits involving the
same parties and issues to proceed before one court and not
simultaneously before two tribunals."  Liggett Group v. R.J.
Reynolds Tobacco Co., 102 F.Supp.2d 518, 537 (D.N.J. 2000)
(quotes and cites omitted).

Qualcomm argues that this case is in an "advanced stage" and
"transfer will likely result in a delay in getting the case
resolved."  (Def. Br., at 20.)  This action arguably has been
pending for three years, but (1) the first amended complaint was
not filed until September 2005, (2) there was no activity between
the entry of the 2006 Judgment in August 2006 and the entry of
the decision by the Court of Appeals in September 2007, (3) the
second amended complaint was not filed until November 2007, and
(4) the motion to transfer was filed in May 2008.  Only 11 months
elapsed between the filing of the first amended complaint and the
entry of the 2006 Judgment, and only six months elapsed between
the filing of the second amended complaint and the motion to
transfer.  Thus, in effect, this action has been active for only
17 months.

It also appears that both parties are still in the initial
stages of discovery.  As Broadcom notes, "[o]nly one deposition
has occurred to date, and the parties have only recently re-

initiated discovery.  Furthermore, Qualcomm has not yet even filed its Answer." (Pl. Reply Br., at 8.)  It also appears that documents relevant to corporate decisions underlying this action will be found in California, as the parties have their principal places of business there.  (See Pl. Br., Ex. C, Qualcomm Initial Disclosures; id., Ex. D, Broadcom Amend. Initial Disclosures.) Also, "[t]he document discovery that has been commenced has been electronic document production that is easily transferable to California." (Pl. Br., at 11.)  Qualcomm has not asserted that any potentially relevant documents are located in New Jersey. Thus, ease of access to sources of proof, location of records, costs associated with witness attendance, and availability of compulsory process over witnesses all favor a transfer to the Southern District of California.  See Jumara, 55 F.3d at 879.

California has an interest in adjudicating a dispute between California companies, particularly when most, if not all, relevant decisions occurred there.  See Liggett, 102 F.Supp.2d at 536 (holding North Carolina had interest to adjudicate antitrust claim, as both parties had principal places of business and alleged conduct occurred there).  Moreover, Broadcom alleges a violation of California law; the common-law and federal-antitrust claims do not weigh in favor of keeping this action.  "[A]ll District Courts are presumed familiar with the applicable Federal antitrust laws" and common law claims.  Id. at 537 (quotes and

cite omitted).  Thus, the California federal court's familiarity with applicable state law weighs in favor of transferring this action to the Southern District of California.  See Rappoport, 16 F.Supp.2d at 501 ("An important public interest factor is the desire to have the case tried before judges familiar with the applicable law"); Melone v. Boeing Co., No. 07-1192, 2008 WL 877974, at *4 (D.N.J. Mar. 28, 2008) ("[T]hat Washington law may govern some or all issues, whereas New Jersey law will likely govern none, supports transfer").

The Court will not address the issues of court congestion, judgment enforceability, or public policies of either venue, as the parties have not raised them.  But jury considerations favor transfer, as jury duty should "not be imposed upon the people of a community which have no relation to the litigation."  Liggett, 102 F.Supp.2d at 536 (citation omitted).  Here, the decisions and conduct underlying Broadcom's claims occurred in California.  See id. at 537 ("New Jersey jurors should not be burdened with adjudicating a matter concerning decisions or conduct which occurred predominantly outside the State of New Jersey") (quotes and cites omitted).

Broadcom has shown that the Southern District of California is a more convenient forum, and Qualcomm has not rebutted that showing.  See Jumara, 55 F.3d at 879; Rappoport, 16 F.Supp.2d at 501; see also Liggett, 102 F.Supp.2d at 535 (holding nonmovant

12

must provide "sufficient opposition" to motion to transfer);
Ricoh, 817 F.Supp. at 484-88 (noting that although movant has
burden of persuasion, nonmovant must still show why current venue
is more convenient).  The Courts finds in its discretion that,
upon balancing the various factors, the Southern District of
California is more appropriate.

## III. Change in Circumstances

A change in circumstances can be a factor to consider when
addressing a plaintiff's motion to transfer.  See Rappoport, 16
F.Supp.2d at 501-02 (denying motion to transfer, in part, because
plaintiff failed to show changed circumstance since action was
initiated other than increased familiarity with applicable law).
But "[t]he decision to transfer must incorporate all relevant
factors to determine whether on balance the litigation [would]
more conveniently proceed and the interests of justice be better
served by transfer to a different forum."  Liggett, 102 F.Supp.2d
at 526 (quotes and cites omitted); see Palazzo v. Ciurlino, No.
05-5093, 2006 WL 2177542, at *1 (D.N.J. July 28, 2006) ("[A]s in
any Section 1404 transfer motion, the Court must consider the
convenience of the parties, the convenience of the witnesses, and
the interests of justice.  Where it is the plaintiff seeking to
transfer the case, the 'paramount consideration' given to the
plaintiff's original choice of venue, becomes a neutral factor.")
(cites omitted).

13

Broadcom asserts that the recently filed California cases, which involve substantially the same claims against Qualcomm, constitute changed circumstances. (Pl. Reply Br., at 5-6.) See Weber v. Basic Comfort Inc., 155 F.Supp.2d 283, 286 (E.D. Pa. 2001) ("[T]he presence of related cases in the transferee forum is a reason to grant a transfer. This consideration is powerful enough to tilt the balance in favor of transferring even when the convenience of parties and witnesses would suggest the opposite.") (cites omitted). Qualcomm's argument in opposition — that those cases cannot represent changed circumstance because this case was filed first (Def. Br., at 18-22) — is without merit. The "first filed" rule only applies when actions involving the same parties and issues are brought in separate federal courts, and are truly duplicative. Kedia v. Jamal, No. 06-6054, 2007 WL 1239202, at *2-*3 (D.N.J. Apr. 25, 2007); Devorris v. Cummings, Inc., No. 06-183, 2007 WL 1875816, at *6 (W.D. Pa. June 27, 2007). The "first filed" rule is not applicable here because this action is not duplicative and does not involve the same parties as the similar actions recently filed in California. See id. (holding "first filed" rule did not apply because all parties not the same). Furthermore, the Court has already balanced the interests pursuant to Jumara and found they favor transfer. See Ricoh, 817 F.Supp. at 487 (departing from "first filed" rule, as subsequent venue more convenient, and due to location of witnesses and

14

documents).  Thus, Broadcom has shown that transfer of this action is warranted.

**CONCLUSION**

The Court will grant Broadcom's motion and transfer this action to the United States District Court for the Southern District of California.  The Court will issue an appropriate order and judgment.[2]

                                    s/ Mary L. Cooper
                               **MARY L. COOPER**
                               United States District Judge

Dated: August 12, 2008

---

[2] Qualcomm's cross motion to dismiss certain claims and separate cross motion to seal certain materials, Broadcom's separate motion, inter alia, to dismiss a certain counterclaim, and the separate motion by non-party Texas Instruments Incorporated to quash a subpoena, will be denied without prejudice to move again before the transferee court.  (See dkt. entry nos. 72, 83, 118 & 167.)